JAMES J. HEFFERNAN, Plaintiff, *v.* REGINA D. HEFFERNAN et al.,
Defendants.

Supreme Court, Special Term, Kings County, July 6, 1954.

*Frank E. Johnson,* as committee of the person and property of William J. Heffernan, an incompetent, defendant in person, and as special guardian for William J. Heffernan, an incompetent, defendant.

*Halpin, Keogh & St. John* for plaintiff.

*James I. Cuff* for Regina D. Heffernan, defendant.

Di Giovanna, J. In this action, the brother of an incompetent seeks to annul a marriage on the ground that the incompetent was not legally capable of entering into a marital status. He has joined the wife of the incompetent and the committee of the incompetent as defendants. The committee has been appointed guardian ad litem of the incompetent since the service of the summons upon him in accordance with the provisions of the Civil Practice Act. The complaint basically seeks a declaration of nullity of the marriage in the first cause of action on the ground that the husband was a lunatic at the time of the ceremony to the knowledge of the wife; in the second cause of action on similar grounds; in the third cause of action on the ground of fraud on the part of the wife, and in the fourth cause of action seemingly on the ground of duress.

The committee and special guardian ad litem now seek, prior to answer, the right to examine the defendant wife as to facts concerning her knowledge of her husband's incompetency prior to marriage, premarital dealings between the parties to the marriage, and of her knowledge as to the proceedings to appoint a committee and of other relevant matters.

Objection is made by the wife to such examination on the ground that the committee and special guardian ad litem has no legal right to examine his codefendant because she is not an adverse party and he seeks no affirmative relief in the action, and further, that his motion is made prior to joinder of issue.

There is no doubt that this case presents a unique situation wherein one representative of the husband, the plaintiff, has put the committee and guardian ad litem in the unenviable position of having to decide for himself whether the facts warrant an annulment, or whether he should seek to prevent the destruction of the marital status because the interests of his ward indicate that an annulment is unwarranted. Whatever is his personal opinion concerning the legal rights of the incompetent is of no consequence herein and not binding upon this court. However, he does have, as an officer of the court, the positive duty of presenting to the court all of the facts concerning the issues to be raised herein which are material and necessary for the protection of the incompetent regardless of the judgment which will ensue therefrom. Judicially, the husband has been declared to be incompetent. It is therefore the duty of the committee and guardian ad litem to obtain facts from all sources to present to the court. Presumably the courtship resulting in marriage was not carried on in full view of the public, but rather in the confined areas of personal, hidden and secret association usual in all courtships. From whom other than the defendant wife are facts more readily obtainable concerning this premarital association? Would any of those facts be material and necessary for presentation to the court?

There is no doubt, unique as this situation is, that procedure has been devised, nevertheless, and is available to a committee and guardian ad litem for obtaining facts by examination before trial of persons in possession of the facts. In this case sufficient special circumstances exist which permit the examination of the defendant wife as a witness. Moreover, the court is of the opinion that insofar as this committee and special guardian is concerned she is an adverse party to him. As a representative of the incompetent, although not a plaintiff herein, the commit-

tee and special guardian has the duty of presenting facts to the court which may be adverse to the wife's interests and coincide with the plaintiff's interests. In that sense, he is an adverse party to the defendant wife, even though nominally he is a defendant. The court is of the opinion that an examination before trial is allowable herein on an additional ground, namely, that the wife is an adverse party to the committee and special guardian.

For the reasons given above, the court grants the motion for examination before trial of the defendant wife by the committee and special guardian as an adverse party and as a witness under special circumstances. Settle order on notice fixing time and place for the examination.